## UNITED STATES v. WITTMEYER.
### No. 8442.

Circuit Court of Appeals, Ninth Circuit.
April 28, 1937.

As Modified on Denial of Rehearing
May 17, 1937.

E. ·P. Carville, ʽU. S. Atty., and Thomas O. Craven, Asst. U. S. Atty., both of Reno, Nev.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

On February 15, 1936, Arthur Wilbur Wittmeyer was sentenced by the District Court of the United States for Nevada to serve one year imprisonment in a prison camp, beginning on that date, for violation of the National Motor Vehicle Theft Act (18 U.S.C.A. § 408). · A commitment was issued on that day and return thereon shows that on February 25, 1936, the prisoner was delivered to Federal Prison Camp No. 10 at Tucson, Arizona, as required by the judgment and commitment.

The judgment upon which the commitment was issued stated that "the Court retains jurisdiction." Thereafter, on July 15, 1936, an order was entered by the Judge of the District Court of the United States for Nevada, placing the defendant upon probation for the remaining period of the prison sentence. On August 21, 1936, the United States attorney moved that the order of probation entered on July 15, 1936, be vacated and set aside on the ground that the court had no authority to make the order because the defendant had commenced to serve his sentence under the judgment before the order was made. The motion was taken under advisement and on October 19, 1936, was denied.

The District Judge filed an opinion reviewing the decisions dealing with the power of a trial court to modify its judgment during the term and concluded that as the time of the term had not yet expired, and as jurisdiction had been reserved in the judgment, the court had power to release the prisoner on probation.

On January 16 the United States attorney filed a notice of appeal from the order of October 19, 1936, conforming to the form required of a defendant in taking an appeal from a judgment in a criminal case and stating as the ground of appeal that the court had no jurisdiction to

make the order. The time fixed by the original sentence has expired and the defendant is entitled to his release, regardless of whether or not the probation order was effective. Therefore, the question which this appeal attempts to raise has become moot.

Appeal dismissed.